Johnson, J.
If the clause of the will out of which this question arises, be interpreted according to the natural import of the terms used, there would seem to be no doubt that they must operate as a devise or bequest of the testator’s estate, to be divided between the children of his deceased sons, William and James, per capita, and not per stripes. They are described as one, and not several classes. It is like the case of Butler and Straten, 3 Bro. Ch. Ca. 367, where it was held, that under a bequest to the descendants of two persons, all their descendants, as well grandchildren as children, took per capita. This conclusion is strengthened by the disposition which he makes of the remaining third part of this legacy; that, the testator directs, shall be equally divided amongst the children of his son John C. who was still living, and shows that the testator understood the necessity of separating them into classes, where he intended they should take per capita. The same thing occurs in the first clause of the will, and even more strikingly, “ I give to my grandchildren, all my household furniture, to be equally divided amongst them, that is *to'say, one share to the children of my deceased son William, one share to the children of my deceased son James, and one share to my son John’s children;” and this has been relied on by the counsel as furnishing an interpretation of the devise of the residuum, but I think the converse follows. If he intended to make the same disposition of the residuum, that he had done of the household furniture, he would have used the same phraseology. His having changed it, is a circumstance to show that he did not intend to make the same disposition ; and I contend, therefore, that he intended precisely what he has expressed, that two-thirds of the residue of his estate should be equally divided amongst the children of his deceased sons William and James.

Motion dismissed.

O’Neall, J., concurred.